UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERNARD JONES,

        Petitioner,                        Case No. 10-11783
                                                    Honorable Thomas L. Ludington

v.

DAVID BERGH,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY JUDGMENT**

On September 7, 2012, this Court denied Petitioner Bernard Jones's petition for a writ of habeas corpus. Sept. 7, 2012 Op. & Order, ECF No. 28. Judgment was entered the same day. *See* J., ECF No. 29. Subsequently, Petitioner filed a motion to stay the judgment while he pursued a direct appeal of the Court's determination. In the motion, Petitioner alleges that a stay of judgment is necessary to "keep Respondent from transferring custody of Petitioner to another Michigan prison warden." Pet'r's Mot. 2, ECF No. 32. Upon review, however, Petitioner's motion lacks merit and will be denied.

In determining whether to stay a judgment denying habeas corpus, a court considers the following four factors: (1) a likelihood of success on the merits; (2) whether there would be an irreparable injury absent a stay; (3) whether a stay would injure other interested parties; and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 774–75 (1987). Moreover, because a request for a stay pending appeal is typically made "after the district court has considered fully the merits of the underlying action and issued judgment . . . a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal." *Michigan*

*Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). Petitioner has not made such a showing.[1]

Petitioner contends there is a likelihood of reversal on one of the arguments he made both before this Court and during his direct appeal before the Sixth Circuit. He contends that the prosecutor did not disclose an immunity agreement that had been accepted by one of the witnesses against him (regarding parole violations), and therefore the prosecutor violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). However, Petitioner failed to show "that the additional immunity agreement was material." Sept. 8, 2012 Op. & Opinion, 8; *see also* Apr. 16, 2013 Order 3, ECF No. 35. In fact, Petitioner "failed to show that such an agreement existed[.]" *Id*.

Further, the witness Petitioner wished to impeach with the alleged immunity agreement was thoroughly cross-examined by Petitioner's counsel and impeached multiple times with a variety of other evidence. The Constitution only guarantees "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent the defense might wish." *Jordan v. Warden, Lebanon Corr. Inst.*, 675 F.3d 586, 594 (6th Cir. 2012) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)).

As recognized and affirmed by the Sixth Circuit, no reasonable jury would debate this Court's rejection of Petitioner's claim. *See* Apr. 16, 2013 Order 6. Thus, because Petitioner's claim is not likely to succeed before the Supreme Court, the stay he requests will not be granted.

Moreover, Petitioner's only concern is that the State will transfer him to another prison, although he does not indicate why. But "the person having custody of [Petitioner] must not transfer custody to another" while his appeal is pending, absent an order from the Court pursuant

---

[1] As noted, Petitioner appealed this Court's denial of his petition for habeas corpus. The Sixth Circuit Court of Appeals affirmed that decision. *See* Apr. 16, 2013 Order. Although Petitioner now seeks Supreme Court review, he cannot demonstrate "there is a likelihood of reversal." *Griepentrog*, 945 F.2d at 153.

to Federal Rule of Appellate Procedure 23.  Fed. R. App. P. 23(a)–(b).  This only further weighs in favor of denying Petitioner's motion.

Accordingly, it is **ORDERED** that Petitioner's Motion to Stay Judgment, ECF No. 32, is **DENIED**.

Dated: June 25, 2013                                           s/Thomas L. Ludington
                                                                                THOMAS L. LUDINGTON
                                                                                United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and upon Bernard Jones, #292243, Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446 by first class U.S. mail on June 25, 2013.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS